## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------- x
                         :

In re                             :      **Chapter 11**

GBI SERVICES, LLC, *et al.*,       :      **Case No. 25–12089 (CTG)**

         Debtors.[1]          :      **(Joint Administration Requested)**

-------------------------------------------------------------- x

### DECLARATION OF RICHARD WU IN SUPPORT OF MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) USE CASH COLLATERAL, (II) GRANTING LIENS AND PROVIDING CLAIMS WITH SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (III) GRANTING ADEQUATE PROTECTION TO THE PREPETITION SECURED PARTIES, (IV) MODIFYING THE AUTOMATIC STAY, (V) SCHEDULING A FINAL HEARING, AND (VI) GRANTING RELATED RELIEF

I, Richard Wu, declare under penalty of perjury:

1.       I am a Managing Director at Alvarez & Marsal North America, LLC ("**A&M**"). GBI Services, LLC, and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), engaged A&M to assist with, among other things, the Debtors' financial affairs and strategic and contingency planning efforts, including a possible chapter 11 filing. I have led the A&M team since the inception of the engagement. In this capacity, I have familiarized myself with the day-to-day operations, business and financial affairs, and books and records of the Debtors.

2.       I submit this declaration (this "**Declaration**") to assist the Court and parties in interest and in support of the relief requested in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Obtain Postpetition Financing and (B) Use Cash*

---

[1]   The last four digits of GBI Services, LLC's tax identification number are 0771. A complete list of the Debtors in the chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/GBIServices. The Debtors' mailing address is 3801 PGA Boulevard, Suite 565, Palm Beach Gardens, FL 33410.

*Collateral, (II) Granting Liens and Providing Claims With Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* (the "**DIP Motion**"),[2] filed contemporaneously herewith.

3.       Except as otherwise indicated, all facts set forth herein are based on my personal knowledge, my discussions with other members of my team, the Debtors' management and board members, the members of the Special Committee, other advisors to the Debtors, my review of relevant documents, or my opinion based upon my experience, knowledge, and information concerning the Debtors' operations and financial affairs.  If called upon to testify, I would testify competently to the facts set forth in this Declaration.

## Background and Qualifications

4.       I received a bachelor's degree, with a concentration in finance and accounting, from the University of Miami in 2003.  I am a Certified Insolvency and Restructuring Advisor with 19 years of experience providing turnaround consulting and advisory services to organizations in a variety of industries. Some of my recent notable engagements include serving as a restructuring advisor to Spirit Finance Cayman 1 Ltd., GenesisCare Pty Limited, and GTT Communications Inc.

## The Debtors' Need for Financing

5.       As discussed in greater detail in the DIP Motion, the Debtors' available liquidity was extremely limited leading up to the filing of these chapter 11 cases.  Among other things, prior to entry into the Prepetition Priority Bridge Loans on November 14,  2005, the Debtors had less

---

[2]    Capitalized terms used but not defined herein have the meaning given to them in the DIP Motion or the Interim Order (as defined in the DIP Motion), as applicable.

2

than $250,000 of cash in their bank accounts, and on the Petition Date, the Debtors had approximately $750,000 in cash in their bank accounts, which was at risk of being swept or frozen if remedies were exercised by the plaintiff in the Florida Action.  Accordingly, the Debtors determined that the best path forward was to obtain credit under the DIP Facility and pursue an orderly restructuring process in chapter 11.

6.        The Debtors have worked closely with A&M and their other advisors to evaluate their cash requirements for the administration of these chapter 11 cases and have determined that the Debtors require immediate access to the financing under the DIP Facility.  As part of such evaluation, A&M reviewed and analyzed the Debtors' anticipated sources and uses of cash for each calendar week and prepared the Initial DIP Budget, which reflects the cash needed to, among other things (a) administer and preserve the value of their estates; (b) permit the orderly continuation of the operation of their business, (c) maintain business relationships with vendors, suppliers and customers, (d) make payroll, (e) satisfy other working capital and operational needs and (f) fund expenses of the chapter 11 cases, including professional fees associated with advancing a restructuring or sale process.

7.        I believe that the Initial DIP Budget provides an accurate reflection of the Debtors' funding requirements over the identified period and is reasonable and appropriate under the circumstances. Thus, to preserve value and avoid irreparable harm pending the Final Hearing on the DIP Facility, I believe it is essential that the Debtors have access to credit under the DIP Facility on an interim basis as requested.

Dated: November 23, 2025

<u>/s/ Richard Wu</u>
Richard Wu
Managing Director
Alvarez & Marsal North America, LLC